[Crim. No. 3743.  In Bank.—September 28, 1934.]

THE PEOPLE, Respondent, v. EULOGIO B. SISSON, Appellant.

J. E. Ebert and J. R. Lazarus for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

LANGDON, J.—The defendant in this case was charged with murder.  He pleaded not guilty, and not guilty by reason of insanity.  The jury brought in a verdict of guilty

of murder in the first degree, without recommendation, and in the trial on the second plea, found him sane at the time of the offense. Judgment of death was thereafter rendered, and a motion for new trial was denied. This appeal followed.

The guilt of the defendant is conclusively established. On the morning of November 7, 1933, he walked into the police station in Marysville, California, and told the officer on duty that he had "killed a man". The officer went with him to a rooming house where defendant pointed out the mutilated body of a woman. It appeared that she was a prostitute, that defendant had stayed with her the previous night, and had stabbed her to death. Defendant on the stand testified that he had given her a great deal of money and that she had promised to marry him. This was, it appears, the cause of a quarrel.

The appeal raises but one point, that the introduction of photographs of the partially nude body of the deceased was prejudicial error. The photographs were competent to show the position and condition of the body, and although obscene and inflammatory matter should, in general, be kept from the jury, they were admissible in this case for the reason we have mentioned. It is true that the introduction of this evidence was unnecessary, and the practice of bringing such things to the attention of the jury in cases where no useful purpose is served thereby has been heretofore disapproved by this court. (See *People* v. *Burkhart*, 211 Cal. 726 [297 Pac. 11].) However, in the instant case the proof of guilt is conclusive, and the sufficiency of the evidence is not questioned.

The judgment and order denying a new trial are affirmed.

Shenk, J., Seawell, J., Preston, J., Curtis, J., and Waste, C. J., concurred.